# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **J.F., L.F., and A.F.**

**No. 16-0851** (Calhoun County 15-JA-43, 15-JA-44, & 15-JA-45)

**FILED**

**February 21, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father G.F., by counsel Ryan M. Ruth, appeals the Circuit Court of Calhoun County's August 1, 2016, order terminating his parental rights to J.F., L.F., and A.F.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Tony Morgan, filed a response on behalf of the children supporting the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying him an extension of his post-adjudicatory improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2015, the DHHR filed an abuse and neglect petition against petitioner and his wife that alleged that the home was filthy and unsanitary; the children suffered from severe, chronic, and untreated head lice; there was insufficient food in the home; and the mother was overmedicated and unable to parent the children properly due to the medication's effects. The petition further alleged that the parents made the eldest child, J.F., then eleven years old, responsible for her younger siblings. The DHHR further alleged that the parents emotionally abused J.F. by holding her responsible for Child Protective Services' ("CPS") intervention. The following month, the DHHR filed an amended petition to include additional allegations of inappropriate discipline and the children's therapist's observation that the children feared their parents.

In October of 2015, the circuit court held an adjudicatory hearing, during which petitioner admitted that he abused and neglected the children by virtue of the conditions in the

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

home. Petitioner further admitted to medical neglect by failing to provide proper treatment for the children's lice issues and that he failed to protect the children from the effects of the mother's overmedication. However, petitioner contested the allegations of physical abuse. Ultimately, the circuit court found that the parents physically abused the children.

In November of 2015, the circuit court granted the parents' motions for post-adjudicatory improvement periods. However, in March of 2016, the DHHR filed a motion to terminate both parents' improvement periods and their parental rights to the children. In April of 2016, the circuit court held two hearings on the DHHR's motion. The circuit court heard testimony regarding the parent's compliance with services from their therapist, their in-home service provider, and the psychologist that evaluated petitioner, among other witnesses. According to the therapist, the parents made no progress in correcting the conditions of abuse and neglect in the home because they failed to acknowledge such abuse and neglect. Because the parents lacked insight into the conditions, the therapist indicated that it would be impossible for them to remedy the issues. The parents' service provider testified that, although the parents made some progress, they continued to deny the children's hygiene issues. Further, according to the psychologist that evaluated petitioner, he suffered from personality disorder with antisocial traits. The psychologist also noted that petitioner's statements during the evaluation were inconsistent with information received from other sources and that petitioner was defensive in responding to tests such that she felt petitioner was intentionally attempting to be deceitful. Based upon her evaluation, the psychologist stated that petitioner's prognosis for improved parenting was nonexistent. At the conclusion of these hearings, the circuit court deferred ruling on the DHHR's motion.

In March of 2016, the circuit court held a status hearing regarding the DHHR's termination of rights motion. That same day, both parents filed motions for extensions to their respective post-adjudicatory improvement periods. By order entered on June 21, 2016, the circuit court terminated the parents' improvement periods and set the matter for disposition. In July of 2016, the circuit court held a dispositional hearing and found that the parents "continue[d] to deny that they were abusive and neglectful in their parenting." As such, the circuit court ultimately terminated the parents' parental rights. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record

2

viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's denial of petitioner's motion for an extension of his post-adjudicatory improvement period.

Pursuant to West Virginia Code § 49-4-610(6), a circuit court "may extend any improvement period granted pursuant to subdivision (2) or (3) of this section for a period not to exceed three months when the court finds that the [parent] has substantially complied with the terms of the improvement period[,]" among other findings. On appeal, petitioner argues that he established his substantial compliance with the terms of his improvement period, as evidenced by testimony from his in-home service provider. The Court, however, does not agree. While it is true that petitioner's provider testified that he made "some change" in regard to his parenting, this testimony is insufficient to establish that petitioner substantially complied with the terms and conditions of his improvement period. This is especially true in light of testimony from petitioner's therapist who stated that he made no progress in correcting the conditions of abuse and neglect because of his "lack of ability to admit to the problems in the home" and the fact that his lack of progress put the children at risk.

Moreover, petitioner's in-home service provider testified that it would not be safe for the children to return to petitioner's care as of April of 2016. The provider also indicated that petitioner required additional therapy before he could correct the conditions of abuse and neglect in the home. According to petitioner, this recommendation for additional therapy supported his request for an extension of his post-adjudicatory improvement period. However, petitioner's argument ignores the fact that his therapist established that his failure to acknowledge the issues of abuse and neglect in the home resulted in a total lack of progress in therapy. We have previously held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). As such, it is clear that an extension to petitioner's improvement period would have been improper given his lack of progress in therapeutic services.

On appeal, petitioner argues that he did, in fact, acknowledge his abuse and neglect of the children and that, as a result, he was entitled to an extension of his post-adjudicatory improvement period. The Court does not agree, as petitioner's testimony to this issue was clearly rebutted by testimony from both his therapist and the psychologist that evaluated petitioner. The record on appeal is clear that petitioner provided only his own self-serving testimony in support

3

of his alleged acknowledgement of the issues of abuse and neglect. Petitioner responded that in order to improve upon his parenting he needed to "raise [his] children properly." He further responded affirmatively to the question "[d]o you think you did anything wrong?" Simply put, this testimony is insufficient to overcome the ample evidence from both petitioner's therapist and the psychologist that evaluated him, both of whom indicated that petitioner did not accept responsibility for his actions. Specifically, the psychologist testified that petitioner denied that he required services to correct his parenting and shifted the blame for his children's lice issues to the school system, despite the fact that the children's school provided the children with medication for lice that petitioner failed to apply. Further, as addressed above, petitioner's therapist not only testified to petitioner's failure to acknowledge the conditions of abuse in the home but also to the fact that this failure prevented petitioner from making any progress in therapy.

We have previously stated that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997). While petitioner may have testified to his alleged acknowledgment of the issues of abuse and neglect below, it is clear that the circuit court made a credibility determination regarding that testimony based upon the conflicting evidence from other witnesses. Ultimately, the circuit court had ample evidence upon which to find that petitioner "continue[d] to deny that [he was] abusive and neglectful in [his] parenting." As such, it is clear that the circuit court did not err in denying petitioner an extension to his post-adjudicatory improvement period.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 1, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**: February 21, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4